## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

---

| | |
|---|---|
| In Re: | Bankruptcy 09-31093 |
| | Chapter 7 Case |
| Ronald F. Stepka and Barbara T. Stepka, | Adversary 09-3100 |
| Debtors. | |
| Michael J. Iannacone, Trustee, | **RESPONSE OF TRUSTEE IN OPPOSITION TO DEFENDANTS RONALD F. STEPKA AND BARBARA T. STEPKA'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | |
| Household Industrial Finance Company, Ronald F. Stepka and Barbara T. Stepka, | |
| Defendants. | |

---

Michael J. Iannacone, the Plaintiff above-named, by and through his undersigned attorney submits the following Response in Opposition to Defendant Debtor's Motion for Summary Judgment as follows:

1. That the undisputed facts indicate that the Debtors intended to mortgage their homestead, Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota, 803 Philipp Parkway (hereinafter referred to as "803 Philipp Parkway") on January 24, 2005 to Household Industrial Finance Company (Household) in consideration of a loan from Household to Debtors in the amount of $323,218.42. The loan was unperfected as that term is understood because Household used the incorrect legal description for 803 Philipp Parkway, using Lot 1, Block 1, Heritage Estates Subdivision No. 3, instead of Lot 2, Block 1, Heritages Estates Subdivision No. 3, Scott County, Minnesota.

2. That as a matter of law, the Trustee is able to avoid the unperfected mortgage and preserve it for the benefit of the bankruptcy estate.

3. As a matter of law, the transfer of Debtor's interest in 803 Philipp Parkway was a voluntary transfer and may not be avoided by the Debtors under 11 U.S.C. § 522(g) or (h).

4. That the Trustee is entitled to judgment, as a matter of law, against all Defendants.

**WHEREFORE**, Plaintiff requests the Court to enter judgment against all Defendants in favor of Plaintiff as follows:

1. Avoiding the Debtor's transfer of an interest in Lot 2, Block 1, Heritage Estates Subdivision No. 3 and preserving same for the benefit of the Debtors' bankruptcy estate to 11 U.S.C. §§ 550 and 551;

2. Declaring that the 2005 mortgage recorded as Document No. A 687439 filed in the Office of the Scott County Recorded on February 1, 2005 is avoided by the Trustee pursuant to 11 U.S.C. § 554(a)(3) and preserving the Trustee's interest as a bona fide purchaser as superior to the interests of Household and Debtors in Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota.

3. Declaring that the March 16, 2006 mortgage recorded as Document No. A 734856 filed April 7, 2006 in the Office of the Scott County Recorder is avoided by the Trustee pursuant to 11 U.S.C. § 554(a)(3) and preserving the Trustee's interest as a bona fide purchaser as superior to the interests of Household and Debtors in Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota.

Dated this 4th day of January 2010.

> __/e/ Michael J. Iannacone___
> Michael J. Iannacone, #48719
> Attorney for the Trustee
> 8687 Eagle Point Blvd.
> Lake Elmo, MN 55042
> (651) 224-3361
> (651) 297-6187 Fax

<pre>
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF MINNESOTA
                            THIRD DIVISION
-------------------------------------------------------------------
In Re:                                    Bankruptcy 09-31093
                                          Chapter 7 Case
Ronald F. Stepka and Barbara T. Stepka,   Adversary 09-3100

        Debtors.
                                          MEMORANDUM IN SUPPORT OF
Michael J. Iannacone, Trustee,            RESPONSE OF TRUSTEE IN
                                          OPPOSITION TO DEFENDANTS RONALD F.
        Plaintiff,                        STEPKA AND BARBARA T. STEPKA'S
                                          MOTION FOR SUMMARY JUDGMENT
v.                                        AND IN SUPPORT OF PLAINTIFF'S
                                          MOTION FOR SUMMARY JUDGMENT
Household Industrial Finance Company,
Ronald F. Stepka and Barbara T. Stepka,

        Defendants.
-------------------------------------------------------------------
</pre>

## INTRODUCTION

Ronald F. Stepka and Barbara T. Stepka (Debtors) filed a voluntary petition under Chapter 7 of Title 11 on February 25, 2009. The Debtors listed themselves as owners of certain real property located in Scott County, Minnesota at 803 Philipp Parkway, New Prague, Minnesota and legally described as Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota (803 Philipp Parkway). The Debtors acquired their interest in 803 Philipp Parkway on September 29, 2003. *See* Debtor's Exhibit A.[1] On January 24, 2005, the Debtors attempted to refinance their home with Defendant Household Industrial Finance Company (Household). Attached hereto as Exhibit 1 is a copy of the 2005 Mortgage filed in the Office of the Scott County Recorder. The 2005 Mortgage contains the wrong legal description. In connection with the 2005 refinance of their homestead, the Debtors also signed numerous other documents with Household including Exhibit 2, a loan summary signed by the Debtors which contains the following statement in paragraph 1.

We understand that your house is more than just collateral – it is your home.

Exhibit 3 is the HUD-1A Settlement Statement required for all residential lending transactions. The top of that form indicates the name and address of borrower and indicates 803 Philipp Parkway. There is also a box for the property location if different than borrower address. That box is blank. The 2005 Household loan was used to satisfy the purchase money mortgage with Wells Fargo. Wells Fargo was paid $246,640.92. See Exhibit 3, the HUD-1A Settlement Statement and Exhibit 8, the Borrower's Notice of Payment, Satisfaction of Loan/Estoppel/Cancellation of Credit Line. Exhibit 8 also references the Wells Fargo Home Mortgage Loan No. 0132868894 which loan number is also typed on the Wells Fargo Mortgage, Debtor's Exhibit D to the right of the word Mortgage on page 1 of Exhibit D. Exhibit 4 the Truth-in-Lending Disclosure on page 3 again lists Wells Fargo as being paid from the 2005 Household Mortgage. Exhibit 5 is the Household Loan Repayment and Security Agreement. On page 1 of this three-page document, it lists the borrowers, the Debtors, and their address 803 Philipp Parkway, New Prague, Minnesota. Exhibit 5 contains the following statement on page 1:

> **YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS (BOLD ADDED)**

The above address is 803 Philipp Parkway, New Prague, Minnesota. Exhibit 6 is a Good Faith Estimate for the 2005 loan which lists the property address at 803 Philipp Parkway, New Prague, Minnesota. As part of the 2005 Loan Agreement, the Debtors have also received Exhibit 7, a Notice of Right to Cancel. Exhibit 7 also lists the property address 803 Philipp Parkway, New Prague, Minnesota. The 2005 Mortgage contains the following statements and representations by the Debtors:

> I understand that some or all of the real estate normally protected by law from the claims of creditors, and I voluntarily give up my right to that protection for the above-listed property with respect to claims arising out of this contract. Exhibit 1, page 1.

---

1 References to Debtors' exhibits are to exhibits to Debtors' Motion for Summary Judgment.

> Borrower covenants that Borrower **is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property** and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record. Exhibit 1. Page 2.

The 2006 Household Mortgage, Defendants' Exhibit C contains the same statement on page 1, the same incorrect legal description and the same statements by the Debtors that to secure the 2006 loan, they are granting Household a lien on property which the Debtors represent they own.

The Debtors borrowed money in 2005 and 2006 from Household but because of a misdescription of the lot, Lot 1 instead of Lot 2 which was actually owned by the Debtors, Household was unable to properly perfect and record its mortgages against Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota. The Trustee commenced this lawsuit to avoid the mortgages and preserve them for the benefit of the estate under 11 U.S.C. §§ 544, 547, 550 and 551. The Court must now ascertain what effect to give the documents. If the Court rules in favor of the Debtors, Debtors will have their homestead unencumbered by the 2005 and 2006 Household Mortgages which the Debtors voluntarily executed. Are the Debtors entitled to a windfall that their home is free and clear of the 2005 and 2006 Household Mortgages despite the Debtors' affirmative representation in each Mortgage that they were "lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property" or will the Court declare that the Mortgages are liens upon the property which may be avoided by the Trustee and preserved for the benefit of the Debtors' creditors.

## ARGUMENT

The facts in this case are within the decision of the Bankruptcy Appellate Panel for the Eighth Circuit decision in *In re Vondall,* 364 B.R. 668 (8th Cir. BAP 2007) again involving Defendant Household. In *Vondall*, the bankruptcy trustee sued Household using trustee's strongarm powers, 11 U.S.C. § 544, to avoid a mortgage recorded by Household using an

incorrect legal description. Both the Bankruptcy Court, Judge Kressel, and the Bankruptcy Appellate Panel found that the misdescription of the property to be mortgaged rendered the mortgage ineffective to give notice to a bona fide purchaser, such as the trustee acting under 11 U.S.C. § 544(a)(3). Since under *Vondall*, the trustee prevailed in its claims against Household under 11 U.S.C. § 544, the focus of the inquiry then turned to whether the Debtors may exempt their interest in 803 Philipp Parkway using 11 U.S.C. § 522. Section 522 provides two potential subsections for the Debtors to attempt to exempt property recovered by the bankruptcy trustee using the trustee's avoidance powers including 11 U.S.C. §§ 550 and 551. 11 U.S.C. § 522(g) provides that the Debtors may exempt property recovered by the Trustee under §§ 550 and 551 if:

> (1)(A) such transfer was not a <u>voluntary transfer</u> of such property by the debtor…

The conveyance by the Debtors of their interest in their homestead by the 2005 and 2006 Mortgages constitutes a voluntary conveyance by the Debtors. Accordingly, under 11 U.S.C. § 522(g), the Debtors may not exempt property recovered by the Trustee.

11 U.S.C. § 522(h) has three qualifying conditions. The first condition is that the debtor was able to exempt the property under 11 U.S.C. § 522(g). As already discussed above, the Debtors may not exempt the interest recovered by the Trustee under 11 U.S.C. § 522(g) because the transfer was a voluntary conveyance. The Debtors also do not qualify under the third condition of 11 U.S.C. § 522(h) because the Trustee, the Plaintiff in this proceeding, did attempt to avoid the transfer.

## CONCLUSION

The Debtors' 2005 and 2006 Household Mortgages may be avoided by the Bankruptcy Trustee because they contain an incorrect legal description under 11 U.S.C. § 544. The Debtors

may not exempt the property recovered by the bankruptcy estate using either 11 U.S.C. § 522(g) or (h) and the Debtors' interest in 803 Philipp Parkway may be exempt only to the extent equity exists after the satisfaction of both the 2005 and 2006 Mortgages.

Dated: January 4, 2010.                    Respectfully submitted,

                                                                                               __/e/ Michael J. Iannacone___
                                                                                               Michael J. Iannacone, #48719
Attorney for the Trustee
8687 Eagle Point Blvd.
Lake Elmo, MN  55042
(651) 224-3361
(651) 297-6187 Fax

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------------------------------------------

| | |
|---|---|
| In Re: | Bankruptcy 09-31093 |
| | Chapter 7 Case |
| Ronald F. Stepka and Barbara T. Stepka, | Adversary 09-3100 |
| Debtors. | |
| Michael J. Iannacone, Trustee, | **UNSWORN CERTIFICATE** |
| | **OF SERVICE** |
| Plaintiff, | |
| v. | |
| Household Industrial Finance Company, | |
| Ronald F. Stepka and Barbara T. Stepka, | |
| Defendants. | |

------------------------------------------------------------------

      I, Krisann Treague, employed by Michael J. Iannacone, attorney licensed to practice law in this Court, with office address of 8687 Eagle Point Blvd., Lake Elmo, Minnesota, declare that on January 4, 2010, I caused the following documents:

**RESPONSE OF TRUSTEE IN OPPOSITION TO DEFENDANTS RONALD F. STEPKA AND BARBARA T. STEPKA'S MOTION FOR SUMMARY JUDGMENT, MEMORANDUM IN SUPPORT OF RESPONSE OF TRUSTEE IN OPPOSITION TO DEFENDANTS RONALD F. STEPKA AND BARBARA T. STEPKA'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

------------------------------------------------------------------
United States Trustee
Paul Ross, Esq.
------------------------------------------------------------------

      I further certify that on January 4, 2010, I mailed copies of the foregoing documents to each entity named below at the address stated below for each entity by first class mail postage prepaid:

------------------------------------------------------------------
Paul Ross, Esq.
287 Marschall Road #203-A
Shakopee, MN  55379

Jane S. Welch, Esq.  
5125 County Rd. 101 #202  
Minnetonka, MN  55345  
------------------------------------------------------------------

      And, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on:  January 4, 2010

                                                  __/e/ Krisann Treague

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

---

In Re:                                                   Bankruptcy 09-31093
                                                               Chapter 7 Case

Ronald F. Stepka and Barbara T. Stepka,      Adversary 09-3100

        Debtors.

Michael J. Iannacone, Trustee,

                                                 **FINDINGS OF FACT, CONCLUSIONS**
        Plaintiff,                                    **OF LAW AND ORDER FOR JUDGMENT**

v.

Household Industrial Finance Company,
Ronald F. Stepka and Barbara T. Stepka,

        Defendants.

---

At St. Paul, Minnesota.

This case came on before the Court upon Defendants Ronald F. Stepka and Barbara T. Stepka's (Stepka or Debtors) Motion for Summary Judgment. A Response to the Motion for Summary Judgment which the Court shall construe as Cross Motions for Summary Judgment were filed by the Plaintiff and Defendant Household Industrial Finance Company. Michael J. Iannacone, Esq. appeared on behalf of the Plaintiff. Paul Elliott Ross, Esq. appeared on behalf of the Debtors and Jane S. Welch, Esq. appeared on behalf of Household Industrial Finance Company. Upon all the files, records and proceedings herein and the Court being duly advised in the premises,

The Court makes the following

## FINDINGS OF FACT

1.     On February 25, 2009, Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

2. Michael J. Iannacone, the Plaintiff, is the duly appointed, qualified and acting Trustee of the Debtors' bankruptcy estate.

3. That the Debtors are owners of certain real property located in New Prague, Minnesota and legally described as:

    Lot 2, Block 1, Heritage Estates Subdivision No. 3,

    Scott County, Minnesota (the "Property)

4. That on January 24, 2005, Debtors borrowed $323,218.42 from Household secured by a Mortgage on Lot 1, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota. The January 24, 2005 Mortgage was recorded in the Office of the Scott County Recorder on February 1, 2005 as Document No. A 687439.

5. That on March 16, 2006, the Debtors borrowed $43,749.34 from Household which was secured by a Mortgage of that same date on Lot 1, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota which Mortgage was recorded on April 7, 2006 in the Office of the Scott County Recorder as Document No. A 734856.

6. That the 2005 Mortgage and the 2006 Mortgage contained the wrong legal description for the Property owned by the Debtors.

7. That the 2005 Mortgage and the 2006 Mortgage were both intended by both Household and the Debtors to encumber the Debtors' interest in their homestead, Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota.

8. That the Plaintiff commenced this action on June 16, 2009 under 11 U.S.C. § 544 claiming the rights of a bona fide purchaser of real property.

From the foregoing Findings of Fact, the Court makes the following

## CONCLUSIONS OF LAW

1. That the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1557 and 1334. This litigation is a core proceeding.

2. That the 2005 and 2006 Mortgages contain an erroneous legal description and under *In re Vondall*, 364 B.R. 668, (8th Cir. BAP 2007) do not provide notice of the Mortgages to a purchaser and the Trustee is a bona fide purchaser of real property without notice of the 2005 and 2006 Mortgages in favor of Household. 11 U.S.C. § 544(a)(3).

3. That pursuant to 11 U.S.C. § 551, transfers avoided pursuant to 11 U.S.C. § 544 are automatically preserved for the benefit of the bankruptcy estate.

4. That Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota is property of the bankruptcy estate.

5. That pursuant to 11 U.S.C. § 550(a), the Trustee may recover from Household the Property transferred to Household, the 2005 and 2006 Mortgages.

6. That the 2005 and 2006 Mortgages shall be reformed to insert the correct legal description therein, Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota.

7. That the Debtors' interest in the Property is subject to the 2005 and 2006 Mortgages which are property of the Debtors' bankruptcy estate. Any exemption claimed by the Debtors in the Property shall be realized only after the 2005 and 2006 Mortgages have been paid in full.

From the foregoing Findings of Fact and Conclusions of Law, the Court makes the following

## ORDER FOR JUDGMENT

1. That the Plaintiff shall have judgment against the Defendants herein avoiding the transfer of the 2005 and 2006 Mortgages.

2. That the January 24, 2005 Mortgage recorded as Document No. A 687439 in the Office of the Scott County Recorder on February 1, 2005 is reformed so that the legal description contained therein is as follows:

"Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota"

and is preserved for the benefit of the bankruptcy estate and Michael J. Iannacone, Trustee of the bankruptcy estate of Ronald F. Stepka and Barbara T. Stepka is substituted as Mortgagee pursuant to 11 U.S.C. §§ 550 and 551.

3. That the March 16, 2006 Mortgage recorded as Document No. A 734856 in the Office of the Scott County Recorder on April 7, 2006 is reformed so that the legal description contained therein is as follows:

"Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota"

and is preserved for the benefit of the bankruptcy estate and Michael J. Iannacone, Trustee of the bankruptcy estate of Ronald F. Stepka and Barbara T. Stepka is substituted as Mortgagee pursuant to 11 U.S.C. §§ 550 and 551.

4. That the Debtors' exemption in Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota shall be claimed and is recognizable only after the Mortgages set forth in paragraphs 2 and 3 of this Order for Judgment have been satisfied in full.

Dated this ____ day of _____ 2010.

_____
Dennis D. O'Brien
United States Bankruptcy Judge